IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT WALL, #13965-052                                                                PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:09cv56-DCB-MTP

BRUCE PEARSON, Warden;
and ERIC HOLDER, Attorney General                          RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex (FCC-Yazoo), Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. The named respondents are Bruce Pearson, Warden, and Eric Holder, Attorney General. Petitioner filed this action on April 6, 2009, and was subsequently granted <u>in forma pauperis</u> status.

The petitioner complains that on March 25th he was confined unlawfully in the Special Housing Unit (S.H.U.) at FCC-Yazoo.[1] The petitioner alleges that the respondents have placed him in S.H.U. as a result of being "jumped" which the petitioner denied ever happening. Additionally, the petitioner asserts that he is being denied access to a law library because there is no law library at Low SHU where he is being confined. The petitioner states that he is preparing for an evidentiary hearing that is scheduled for July 15, 2009, in the United States District Court for the Northern District of New York.

Analysis

Federal prisoners may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. <u>United States v.</u>

---

[1] It appears to this Court that the plaintiff is referring to March 25, 2009, as the date he was placed in S.H.U.

Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36, see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).

Having liberally construed the instant petition, this court finds that the petitioner is not challenging the Bureau of Prisons' execution or calculation of his federal sentence. Clearly, he is challenging the conditions of his confinement at FCC-Yazoo, *i.e.*, where he is housed while incarcerated at FCC-Yazoo. The issues presently before this court have nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, these complaints are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and this habeas corpus petition will be dismissed without an evidentiary hearing.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the conditions of his confinement in FCI-Yazoo. The petitioner has not presented an arguable claim for habeas corpus relief. As such, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and his conditions of confinement claims are dismissed without prejudice so that the petitioner may pursue those claims in the proper manner.

SO ORDERED this the ___14th___ day of ___May___, 2009.

                                       ____s/ David Bramlette_____
                                       UNITED STATES DISTRICT JUDGE